IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


GEORGE THOMAS LEROY,

       Petitioner,

   v.

BRIAN BELLEQUE,

       Respondent.

Case No. 3:10-CV-0516-ST

FINDINGS AND RECOMMENDATION


Kristina Hellman, Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Kristen E. Boyd, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

 1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state court convictions for Attempted Aggravated Murder, Attempted Murder, Assault in the Second Degree, and Felon in Possession of a Firearm.  For the reasons that follow, the Petition for Writ of Habeas Corpus (docket #2) should be denied.

## BACKGROUND

On January 27, 1996, Portland Police responded to a call that petitioner was creating a disturbance at the residence of his former girlfriend.  The police discovered petitioner's van in the parking lot of a nearby convenience store where petitioner proceeded to shoot at the responding officers.  Two of the responding officers were wounded before authorities were ultimately able to apprehend petitioner.

In three separate Indictments, the Multnomah County Grand Jury charged petitioner with four counts of Attempted Aggravated Murder, two counts of Assault in the First Degree, one count of Attempted Murder, two counts of Assault in the Second Degree, and six counts of Felon in Possession of a Firearm.  Respondent's Exhibit 102.  Petitioner proceeded to a jury trial where he raised an insanity defense.  The trial court instructed the jury as to the legal standard for reaching a guilty but insane verdict

and proceeded to inform the jury of the consequences of such a
verdict as set forth in UCrJI 1122:

> If you should find the defendant guilty except for
> insanity the defendant, Mr. Leroy, is subject to
> the following dispositions.
>
> First, the dispositions by the Court.  If the
> Court determines, following your finding of guilty
> except for insanity, that the defendant, Mr.
> Leroy, is presently affected by mental disease or
> defect and presents a substantial danger to others
> requiring commitment to a state mental hospital,
> the Court will order the defendant placed under
> the jurisdiction of the Psychiatric Security
> Review Board, and order the defendant committed to
> a state mental hospital pending further
> disposition by the Psychiatric Security Review
> Board.
>
> If the Court finds that the defendant is affected
> by mental disease or defect but that it is in
> remission, or that the defendant is not presently
> a substantial danger to others requiring a
> commitment to a state mental hospital, the Court
> will order the defendant placed under the
> jurisdiction of the Psychiatric Security Review
> Board and may order that the defendant be
> conditionally released.
>
> A defendant who is conditionally released is
> subject to such supervisory orders of the Court as
> are in the best interests of justice, the
> protection of society and the welfare of the
> defendant.
>
> Then the defendant would be subject, if found by
> you to be guilty except for insanity, to the
> following disposition by the Psychiatric Security
> Review Board.  The Psychiatric Security Review
> Board is a state agency that by law has as its
> primary concern the protection of society.  After
> the Court places a defendant under the
> jurisdiction of the Psychiatric Security Review
> Board, the Board will have jurisdiction over that
> defendant for a length of time equal to the
> maximum period of incarceration to which that

defendant could have been sentenced had the
defendant been found guilty of the charged crime
or crimes.

If the board determines that the defendant
continues to be affected by a mental disease or
defect and presents a substantial danger to others
and is not a proper subject for conditional
release the board will order the defendant
committed to a state mental hospital for custody,
care and treatment.

The Psychiatric Security Review Board will order
that the defendant be discharged from its
jurisdiction if at its first hearing, or at some
later hearing, the board determines that either
the defendant is no longer affected by mental
disease or defect, or the defendant is still
affected by mental disease or defect but no longer
presents a substantial danger to others.

If the board either at its first hearing or at
some later date determines that the defendant is
still affected by mental disease or defect, and is
a substantial danger to others, but can be
controlled adequately if conditionally released
with treatment as a condition of release, the
board will order the defendant to be conditionally
released.  A defendant who is conditionally
released is subject to such supervisory orders of
the board as are in the best interest of justice,
the protection of society and the welfare of the
person.

A person is considered to have a mental disease or
defect requiring supervision even when that
disease or defect is in the state of remission,
when the disease may with reasonable medical
probability occasionally become active and render
the person a danger to others.

Trial Transcript, pp. 1183-86.

The court gave this instruction because it was specifically

required by ORS 161.313 which states: "When the issue of insanity

under ORS 161.295 is submitted to be determined by a jury in the

4 - FINDINGS AND RECOMMENDATION

trial court, the court shall instruct the jury in accordance with ORS 161.327." Petitioner's counsel excepted to the giving of this instruction:

> I also do take an exception to the Court giving Uniform Criminal Jury Instruction 1122, and that's the means of disposition in the insanity defense. And my exception on that jury instruction comports with my objections all the way through about that specific instruction, and that means of disposition on any criminal matter is up to the judge, but for our death penalty statutes. And it's my understanding that it should solely be the province of the judge and not the jury to take that into account while they are making a guilty or innocent finding.

*Id* at 1197-98.

The State responded as follows:

> Judge, the only thing I wanted to do is put on the record in case it's later being reviewed as this point this – the issue, it is a Uniform Criminal Jury Instruction, the one about disposition.
>
> I would also note for the record for people in the future reviewing it, that the State, although we talked about my ability to argue it and discuss it, I wasn't allowed to question about it. And then I made a comment about wanting to argue it in closing and you had ruled that I would be allowed to argue it in closing. I just want to point out for the record we made no mention in closing of that jury instruction at all. So it wasn't emphasized at all. We had prepared a placard which we left hidden in the corner, turned around, so the jury never saw the placard and they never heard any argument. So it wasn't at all emphasized in any way.

*Id* at 1198.

The court ruled as follows:

5 - FINDINGS AND RECOMMENDATION

> All right.  And I would indicate for the record
> that I gave the instruction not because it's a
> uniform instruction, but because there's a statute
> that says the jury is to be told and . . . and it
> seemed to me that the only way we could avoid it
> is if the statute is unconstitutional.  And I
> don't believe the separation of powers goes that
> far.  And that's the only constitutional provision
> that I could think of that might be implicated.
> And I did indicate that it seemed to me that if
> the Legislature said that it can be – that the
> jury is to be told, then counsel could make
> reference to that statute.  Although I don't think
> it's a very good idea, and I lean toward defense
> counsel's view that it would – it's unfortunate to
> discuss one disposition without being able to
> discuss others.  And the statute is also
> enormously complex.  But it seemed to me that the
> Legislature has made that decision for us, and
> unless I can say that the statute is
> unconstitutional, I'm required to follow it.

*Id* at 1198-99.

The jury rejected petitioner's insanity defense and convicted him on two counts of Attempted Aggravated Murder, two counts of Assault in the First Degree, one count of Attempted Murder, two counts of Assault in the First Degree, and six counts of Felon in Possession of a Firearm.  Respondent's Exhibit 101. The jury acquitted petitioner of the remaining charges, and the trial court sentenced him to 435 months in prison.   *Id.*

Petitioner filed a direct appeal, arguing that the trial court erred by instructing the jury of the consequences of a guilty except for insanity verdict.  Respondent's Exhibit 104. The Oregon Court of Appeals initially agreed and reversed and remanded the case for a new trial on the charges of Attempted

6 - FINDINGS AND RECOMMENDATION

Aggravated Murder, Attempted Murder, First Degree Assault, and
Second Degree Assault.  *State v. LeRoy*, 160 Or. App. 88 (1999).
Its *per curiam* decision cited only to its prior decision in *State
v. Amini*, 154 Or. App. 589, 963 P.2d 65 (1998) ("*Amini I*"), which
was then under review by the Oregon Supreme Court.

In *Amini I*, the Oregon Court of Appeals determined that
giving a consequences instruction pursuant to ORS 161.313 and
161.327 violated a defendant's right to a fair trial under
Article I, section 11 of the Oregon Constitution.  However, the
Oregon Supreme Court disagreed, finding that Article I, section
11 provides only for an impartial jury, not a fair trial, and
remanded the case to the Oregon Court of Appeals to consider
whether Amini had received a fair trial under the Sixth and
Fourteenth Amendments to the U.S. Constitution.  331 Or. 384, 15
P.3d 541 (2000). On remand, the Oregon Court of Appeals in
determined that UCrJI 1122 did not implicate any principle of
fundamental fairness.  175 Or. App. 370, 28 P.3d 1204 (2001)
("*Amini II*").

In light of *Amini II*, the State petitioned for
reconsideration of petitioner's case, which the Oregon Court of
Appeals allowed.  The Oregon Court of Appeals issued a *per curiam*
opinion that, pursuant to its decision in *Amini II*, the trial
court did not err in giving the UCrJI 1122 instruction, and
reinstated petitioner's convictions.  *State v. Leroy*, 182 Or.

7 - FINDINGS AND RECOMMENDATION

App. 543, 49 P.3d 115 (2002).  Petitioner sought review from the Oregon Supreme Court, which was denied.  335 Or. 104, 59 P.3d 1279 (2002).

Petitioner next filed for post-conviction relief ("PCR") in Marion County, but was denied relief.  Respondent's Exhibit 160. The Oregon Court of Appeals affirmed the PCR trial court without opinion, and the Oregon Supreme Court denied review.  *LeRoy v. Belleque*, 232 Or. App. 439 (2009), *rev. denied*, 348 Or. 280 (2010).

Petitioner, appearing *pro se*, filed this federal habeas corpus action on May 4, 2010, alleging six grounds for relief containing 24 claims.  With the assistance of appointed counsel, petitioner has submitted argument in support of the following:

> Grounds One(j) & (k):
> Trial counsel was constitutionally ineffective because she failed to demur to an unlawful count in the indictment and to object to jury instructions that fatally varied the indictment;

> Ground One(g):
> Trial counsel was constitutionally ineffective because she failed to prepare adequately and therefore decline to call Officer Reyna as a witness; and

> Ground Six:
> The trial court violated petitioner's Sixth and Fourteenth Amendment rights when it instructed the jury on the consequences of the guilty except for insanity verdict.

Respondent asks the court to deny relief on the Petition because: (1) the unargued claims submitted on the existing record

8 - FINDINGS AND RECOMMENDATION

do not entitle petitioner to relief; (2) the argued claims of
ineffective assistance of counsel were not fairly presented and
are procedurally defaulted; and (3) all of petitioner's claims
lack merit.

**FINDINGS**

## I.  **Unargued Claims**

An application for a writ of habeas corpus shall not be
granted unless petitioner can demonstrate that adjudication of a
claim in state court resulted in a decision that was: (1)
"contrary to, or involved an unreasonable application of, clearly
established Federal law, as determined by the Supreme Court of
the United States;" or (2) "based on an unreasonable
determination of the facts in light of the evidence presented in
the State court proceeding."  28 U.S.C. § 2254(d).  This statute
"preserves authority to issue the writ in cases where there is no
possibility fairminded jurists could disagree that the state
court's decision conflicts with [the Supreme] Court's precedents.
It goes no farther." *Harrington v. Richter*, 131 S. Ct. 770, 786
(2011).  Importantly, it is petitioner who is responsible for
meeting this substantial burden*. Silva v. Woodford*, 279 F.3d
825, 835 (9th Cir. 2002).

Petitioner has neither submitted any argument as to the
merits of the majority of his claims nor addressed any of
respondent's arguments as to why relief on those claims should be

denied.  Consequently, petitioner has not met his burden of proof
in this case.  Notwithstanding this failure, the court has
reviewed petitioner's unargued claims on the existing record and
finds that they do not entitle him to habeas corpus relief.  As a
result, relief on the unargued claims (Grounds One (a)-(f),
(h),(i), (l)-(o) and Grounds Two through Five) should be denied.

## II.  **Exhaustion and Procedural Default**

Respondent asserts that petitioner failed to adequately
preserve his claims of ineffective assistance of counsel for
habeas corpus review because he did not raise any such claims in
his Petition for Review to the Oregon Supreme Court.  Petitioner
has not responded to this argument.

A habeas petitioner must exhaust his claims by fairly
presenting them to the state's highest court, either through a
direct appeal or collateral proceedings, before a federal court
will consider the merits of those claims.  *Rose v. Lundy*, 455
U.S. 509, 519 (1982).  "As a general rule, a petitioner satisfies
the exhaustion requirement by fairly presenting the federal claim
to the appropriate state courts . . . in the manner required by
the state courts, thereby 'affording the state courts a
meaningful opportunity to consider allegations of legal error.'"
*Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting
*Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).  If a habeas
litigant failed to present his claims to the state courts in a

procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards*, 529 U.S. at 451; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

With the assistance of counsel, petitioner alleged in his PCR Petition that trial counsel was ineffective in the same particulars as alleged in Grounds One(g), (j) & (k) of his Petition for Writ of Habeas Corpus. Respondent's Exhibits 156, pp. 5-6. During his appeal, petitioner successfully moved to strike the Appellant's Brief, dismiss his appointed attorney, and proceed *pro se.* Respondent's Exhibits 162-163. In his *pro se* Appellant's Brief, he presented the substance of Grounds One(g),

11 - FINDINGS AND RECOMMENDATION

(j) & (k) to the Oregon Court of Appeals for its consideration on his Fifth and Seventh Assignments of Error.  Respondent's Exhibit 165, pp. 22-24, 26-28.  In his *pro se* Petition for Review, however, petitioner did not present the Oregon Supreme Court with any claims at all.  Instead, he simply asked whether the PCR trial court erred by not granting him relief and informed the Oregon Supreme Court that his claims and arguments could be found in his PCR Petition and PCR Trial Memorandum.[1]  Respondent's Exhibit 168, pp. 2-4.

A petitioner seeking to satisfy the requirements of fair presentation must present his federal constitutional issue "within the four corners of his appellate briefing." *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005).  A claim is not fairly presented if a state court "must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so."  *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004).  In Oregon, in the absence of a *Balfour* brief,[2] there is one exception to this rule: a litigant

_____

[1]  Petitioner did not include copies of his PCR Petition and PCR Trial Memorandum with his Petition for Review in the Oregon Supreme Court.

[2]  No *Balfour* brief was filed on appeal in this case because petitioner was not represented by an attorney.  The *Balfour* procedure provides that an attorney need not ethically withdraw when faced with only frivolous issues.  Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal."  *State v. Balfour*, 311 Or.

filing a petition for review with the Oregon Supreme Court may incorporate the claims and arguments from his Appellant's Brief by reference. *Farmer v. Baldwin*, 346 Or. 67, 74, 205 P.3d 871, 875 (2009). Petitioner did not do so here, and *Farmer* does not stand for the proposition that a litigant may properly incorporate claims and arguments from his PCR trial by referencing documents from that proceeding in his Petition for Review. Accordingly, petitioner failed to fairly present his ineffective assistance of counsel claims to the Oregon state courts. Because the time for doing so passed long ago, the claims are procedurally defaulted.

## III. **The Merits**

The remaining Ground Six alleges that the trial court violated petitioner's Sixth and Fourteenth Amendment rights by instructing the jury on the consequences of the guilty except for insanity verdict because it: (1) prompted the jury to consider information irrelevant to the consideration of the insanity defense (2) without also instructing the jury not to consider the consequences in its  deliberations on guilt or innocence.

### A. **Standard of Review**

As previously noted, an application for a writ of habeas corpus shall not be granted unless adjudication of the claim in

---

434, 451, 814 P.2d 1069 (1991). The defendant may then file the Section B segment of the brief containing any assignments of error he wishes. *Id* at 452.

state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The state court decision must be more than incorrect or erroneous, and its application of clearly established law must be objectively unreasonable. *Id* at 409-10.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). Petitioner asserts that such an independent review is required here because the Oregon Court of Appeals did not reach the substance of his claim that a consequences instruction without an accompanying limiting instruction violates his right to due process. However, the Oregon Court of Appeals' citation to *Amini II* is sufficient to constitute an adjudication on the merits of petitioner's due process claim. Thus, an independent review is not required.

**B.  <u>Analysis</u>**

The Oregon Court of Appeals' decision in *Amini II* carefully examined the application of the Due Process Clause of the U.S. Constitution to Oregon's statutory provision requiring the specific consequences instruction given in petitioner's case. Unrestrained by the standard of review applicable to federal habeas corpus cases, the Oregon Court of Appeals found no due process violation where the consequences instruction was given over the defendant's objection.

Because petitioner raises his issue in the habeas corpus context, he must identify Supreme Court precedent which stands

for the proposition that Oregon's statutory requirement to give a consequences instruction in relation to an insanity defense violates the Due Process Clause. The Supreme Court has never held that a consequences instructions either must be given or, conversely, cannot be given. Traditionally, consequences instructions have often been seen as protections for criminal defendants, and many jurisdictions require such instructions. *See Amini II,* 175 Or. App. at 382, 38 P3d at 1212 (noting the competing view that such instructions act as safeguards to a fair trial and citing authority). In fact, as noted by the dissent in *Amini I*, the Minutes of the June 29, 1983 Senate Judiciary Committee reveals that ORS 161.313 was introduced at the request of the Oregon Criminal Defense Lawyers Association. *Amini I*, 154 Or. App. at 609 n. 5, 963 P2d at 76 n.5.

This view was born out in *Shannon v. United States*, 512 U.S. 573 (1994), where, contrary to petitioner's position here, the defendant believed the consequences instruction provided an important procedural safeguard in the context of his insanity defense. The defendant in *Shannon* specifically asked that the instruction be given, but the trial court refused and instructed the jury to apply the law as instructed regardless of the consequences and that the punishment should not enter into its

deliberations.[3]  *Id* at 578.  The Supreme Court held that due process did not require the giving of such an instruction.  *Id* at 575.  While *Shannon* did discuss that, in general, a jury should reach its verdict irrespective of whatever sentence might be imposed, such a discussion does not constitute clearly established federal law that the Due Process Clause forbids the giving of a consequences instruction over a defendant's objection.

Petitioner also argues that the consequences instruction was given without any admonition to the jury that the consequences should not play a part in determining the validity of petitioner's insanity defense.  However, the trial court specifically instructed the jury: "Do not consider what sentence might be imposed by the Court if you should find the defendant guilty.  That would be a matter only for the Court."  Trial Transcript, p. 1161.  It is an "almost invariable assumption of law that jurors follow their instructions."  *Richardson v. Marsh*, 482 U.S. 200, 206 (1987).  In any event, no clearly established federal law precludes the giving of a consequences instruction in the absence of the limiting language petitioner claims should

_____

[3] The dissent in *Shannon* stated that the consequences instruction at issue had "minimized the risk of injustice for almost 40 years" and that the instruction arose from the recognition that "an uninformed jury might erroneously find an insane defendant guilty to avoid the risk that a dangerous individual would otherwise go free. . . ."  *Shannon*, 512 U.S. at 588 (Stevens, J., dissenting).

have been given.  This is especially true where such an instruction has historically been intended to be beneficial to the defendant.

Petitioner also asserts that he was not given an opportunity to rebut the implication that he could be released well before the expiration of his sentence.  He therefore argues that he was not afforded the ability to establish the likelihood of his early release and the standards to be used.  The issue of the consequences instruction pursuant to UCrJI 1122 arose before testimony by the State's mental health expert, Dr. Hulteng.  Petitioner's counsel specifically objected to the prosecution asking Dr. Hulteng "what the disposition of a person would be if he were found to be suffering from a mental disease or defect and for that reason placed in the Sate Mental Hospital."  Trial Transcript, p. 858.  The trial court ruled in petitioner's favor and barred such a line of inquiry.  *Id* at 860.  Having prompted the trial court to exclude such evidence from his trial, petitioner cannot now complain that the trial court erred by not allowing the introduction of that evidence.

The court is sympathetic to petitioner's claim that a jury could be improperly influenced by the kind of consequences instruction given in this case, but such an analysis cuts both ways.  Such an instruction could theoretically be harmful by indicating that petitioner might not serve his full sentence if

18 - FINDINGS AND RECOMMENDATION

found to be insane.  But if such an instruction is not given (as in *Shannon*), a defendant could well argue that he was convicted because jurors improperly and mistakenly thought an insanity verdict would result in his early release.

Because the consequences instruction has traditionally been viewed as a safeguard for the defendant, it would make the most sense, as argued by the dissent in *Amani II*, to only give the instruction when requested by the defendant.  Allowing such an instruction at the request of the State, and over a defendant's objection, gives the appearance that the instruction is offered not to protect the defendant, but to help reject his insanity defense for improper purposes.  Unfortunately, ORS 161.313 requires a trial court to give the instruction over a defendant's objection.

Be that as it may, habeas relief is only available where the state court decision is not only wrong, but amounts to an unreasonable application of U.S. Supreme Court precedent.  Put another way, petitioner must "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington*, 131 S. Ct. at 786-87.  The Oregon Court of Appeals' decision, referencing its thorough and well-reasoned decision in *Amini II*, was neither contrary to, nor

an unreasonable application of, clearly established federal law. Accordingly, relief on the Petition should be denied.

**RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #2) should be denied and a judgment should be entered dismissing this case with prejudice.  The court should grant a Certificate of Appealability as to petitioner's Ground Six due process claim, and deny a Certificate of Appealability as to all other claims on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due November 15, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 29th day of October, 2013.

s/___Janice M. Stewart_____
         Janice M. Stewart
         United States Magistrate Judge

20 - FINDINGS AND RECOMMENDATION